IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR RANDOLPH TURNER, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1576 |
| | § | |
| 268TH DISTRICT COURT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Plaintiff, a state inmate, filed this *pro se* section 1983 complaint alleging violations of his civil rights by the presiding judge of the 268th Judicial District Court of Fort Bend County, Texas, the judges of the First District Court of Appeals in Houston, Texas, and the judges of the Texas Court of Criminal Appeals. Plaintiff claims that the judges of the First Court of Appeals denied him a hearing because they knew that his *pro se* brief "would have got [him] out of here," and that the judges of the Texas Court of Criminal Appeals denied him a hearing before refusing his petition for discretionary review. No specific facts are asserted against the presiding judge of the 268th District Court.[1]

---

[1] Under Part IV of the complaint, "Parties to the Suit," plaintiff avers, without further explanation, that "By being here my life is in danger ever (sic) day I'm here. Medical ignoring complaints of health issues of all prisoners. No payment for Texas prisoners who work here. Unsanitary conditions in kitchen causing sickness on ever (sic) unit here. Unjust practices of the disciplinary system here." Given plaintiff's "Statement of Claim" under Part V, the judicial status of the named defendants, and his acknowledged failure to exhaust prison grievance procedures, the Court does not construe these generalized comments as intended civil rights claims in this lawsuit.

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

By raising civil rights claims against the judges of the state appellate courts for their "erroneous" rulings affirming his conviction, plaintiff fails to state a cognizable civil rights claim. Plaintiff's allegations call into question the validity of his underlying conviction, which he does not show to have been reversed, set aside, or vacated, and his section 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Regardless, plaintiff's complaints against the appellate courts are without a basis in law or fact. The First Court of Appeals reviewed, and rejected, the merits of plaintiff's *pro se* brief, as follows:

> In his *pro se* response, appellant contends that his constitutional protection against double jeopardy was violated. Having reviewed the record, counsel's brief, and appellant's pro se brief, we agree that the appeal is frivolous and without merit and that there is no reversible error.

*Turner v. State*, 2008 WL 3876076 (Tex. App. – Houston [1st Dist.] 2008, pet. ref'd.). Plaintiff cites no authority for claiming a constitutional right to an oral hearing before the court of appeals or the Texas Court of Criminal Appeals, and this Court finds none.

Despite the nature of his claims asserted against the state appellate courts, plaintiff requests as judicial relief "to let [him] have time served for the first sentence of a plea bargain for the guilty plea [he] gave to the 268th District Court" on May 5, 2005. This requested judicial relief is in the nature of habeas corpus relief. However, by suing the state court judges for a modification of his 2005 plea bargain agreement, plaintiff does not challenge the constitutionality of his underlying conviction, and fails to state a cognizable habeas claim. This Court cannot "modify" the terms of plaintiff's executed plea bargain agreement to reduce his sentence to time served. For that reason, the Court will not construe this lawsuit as a petition seeking habeas relief under section 2254.

Accordingly, this lawsuit is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim. All other pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this Order to the parties; to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on May 28, 2009.

_____
Gray H. Miller
United States District Judge